JUSTICE LEAPHART,
specially concurring.
¶78 I concur in the result reached by the Court and in the Court’s ultimate method of resolving the speedy trial claims under the Montana Constitution. However, I do not agree with all of the Court’s analysis with regard to the third Barker factor; that is, assertion of the right to speedy trial. The Court reviews our confusing and inconsistent precedent on assertion of the right and then, relying on language from Barker that the nature of the speedy trial right makes it impossible to pinpoint a precise time in the process when the right must be asserted or waived, concludes that “there is no magical time for assertion of the right to a speedy trial which should be weighed *173 more favorably to the defendant than some other time. So long as the defendant asserts his or her right to a speedy trial by a motion to dismiss on speedy trial grounds filed prior to the time of trial, we conclude that the defendant has satisfied the third-prong of the Barker test and that further analysis of that prong is not only unnecessary, but is inappropriate.” Although I agree that there is no magical time for assertion of the right, I do not agree that Barker rejects a weighing analysis when considering assertion of the right to a speedy trial. On the contrary, the United States Supreme Court’s consideration of the tardiness and infrequency of Barker’s assertion goes to the very heart of the Barker decision.
¶79 In rejecting Barker’s speedy trial claim, the Court noted that, in addition to the absence of serious prejudice, the record did not indicate any action whatsoever between October 21,1958 and February 12,1962 which could be construed as the assertion of the speedy trial right. Although Barker did make a motion to dismiss in February 1962, the record did not show on what ground the motion was based, “[ijnstead the record strongly suggests that while he hoped to take advantage of the delay in which he had acquiesced, and thereby obtain a dismissal of the charges, he definitely did not want to be tried.” Barker, 407 U.S. at 535, 92 S.Ct. 2182.
We do not hold that there may never be a situation in which an indictment may be dismissed on speedy trial grounds where the defendant has failed to object to continuances. There may be a situation in which the defendant was represented by incompetent counsel, was severely prejudiced, or even cases in which the continuances were granted ex parte. But barring extraordinary circumstances, we would be reluctant indeed to rule that a defendant was denied this constitutional right on a record that strongly indicates, as does this one, that the defendant did not want a speedy trial. We hold, therefore, that Barker was not deprived of his due process right to a speedy trial.
Barker, 407 U.S. at 536, 92 S.Ct. 2182.
¶80 It is apparent from the Supreme Court’s conclusion, that, had Barker asserted his right to a speedy trial earlier on and more frequently, his speedy trial claim would have carried more weight. Although Barker eventually filed a motion to dismiss before trial, the Court concluded that his acquiescence in continuances without objection for over three years indicated that “[he] did not want a speedy trial.” I do not agree that we can invoke Barker for the proposition *174 that, so long as the defendant files a speedy trial motion sometime prior to trial, any further analysis of the timing is inappropriate. If further analysis of the timing were inappropriate, the Court would have accepted Barker’s pretrial motion on its face and would not have engaged in an analysis of what Barker “really wanted” when the motion was viewed in the context of his three plus years of lying in the weeds.
¶81 Although I do not agree that this Court’s non-weighted, “either you asserted the right or you did not” approach is consistent with Barker v. Wingo, I recognize that it favors the defendant over an approach in which the timing of a speedy trial motion is scrutinized. Accordingly, since the rule adopted by this Court offers more, not less, protection to the defendant, I concur in the result.
JUSTICE GRAY joins in the foregoing special concurrence.